UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|   v. | ) |
| | ) Case No. 4:09-CV-1909 |
| | ) |
| JUST MORTGAGE, INC., a California corporation | ) |
| | ) |
|   Defendants. | ) |

**DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES**

COMES NOW Defendant Just Mortgage, Inc. ("Just Mortgage") and files its Motion to Compel Plaintiff CitiMortgage, Inc. ("Citi") to provide further responses to certain discovery requests in this case. In support of its Motion Just Mortgage states:

**INTRODUCTION**

This motion is part of an ongoing dispute over the scope of discovery which is outlined in Just Mortgage's previous Motion to Compel, filed March 18, 2011 Doc. # 48. The issues over the scope of discovery in that motion is similar to the issues presented here, and are stated briefly here to avoid repetition.

Citi's limited view of discovery is aimed at preventing Just Mortgage from discovering information relevant to Citi's implied covenant of good faith and fair dealing. It is clear that the requested information is relevant because Citi clings to the axiom that discovery is limited because it need only establish that it exercised its *sole and exclusive* discretion to determine

whether the loans at issue are subject to a repurchase demand.  Whether a loan can be demanded for repurchase depends on the finding of certain conditions which are defined by the CMI Manual as set forth in the Agreement, Sec. 11 (i), (iv), and (v).  Whether Citi interpreted the language of the CMI Manual in good faith to demand a repurchase requires discovery of Citi's own standards, procedures, guidelines, and business practices in interpreting the language to exercise its discretion.  Further, Citi's knowledge of any defects in the loans prior to purchase are necessary to evaluate issues of waiver and estoppel.

On the covenant of good faith and fair dealing, Citi may dispute Just Mortgage's legal theory but it cannot dispute that:

> **Every Missouri contract carries an implied covenant of good faith and fair dealing.** This **covenant prevents one party** to a contract **from exercising a judgment** conferred by the express terms of the agreement in a manner **that evades the spirit of the transaction or denies the other party the expected benefit of the contract**.  The party claiming a breach of the implied covenant of good faith and fair dealing must present substantial evidence of the lack of good faith and fair dealing.

*Environmental Protection, Inspection & Consulting, Inc. v. City of Kansas City*, 37 S.W.3d 360, 366 (Mo.App. W.D. 2000) ("*Environmental Protection*") (citing *Acetylene Gas Co. v. Oliver*, 939 S.W.2d 404, 410 (Mo.App. E.D. 1996)).  A party's knowledge of an adverse condition has been held as evidence of breach of the covenant.  *Id.*  In *Environmental Protection*, Kansas City's knowledge of the existence of a submerged rock haul road that would likely necessitate contract change orders and failure to disclose the condition led to a breach of the covenant.  *Id.* at 366-367.  Just Mortgage is entitled to develop evidence that Citi knew that its origination guidelines and standards were critically flawed and would lead to substantial loan defaults.  If Citi had such knowledge, it cannot hide behind its alleged "sole discretion" to demand repurchase when the expected happened.

After several meet and confer phone calls and attempts to resolve discovery disputes without Court intervention, Citi has adamantly refused to provide further responses. (See Sato Affirmation filed concurrently herewith). Thus, this Court should grant Just Mortgage's Motion to Compel Citi to produce documents and fully answer its interrogatories.

## ARGUMENT

Despite meet and confer attempts, Citi will not provide further responses to Just Mortgage's Reissued First Set of Interrogatories Nos. 4, Just Mortgage's First Set of Requests for Production No. 17, and Just Mortgage's Reissued First and Second Set of Requests for Production of Documents Nos. 7, 36, 63, and 86.

The information and documents sought are relevant and reasonably calculated to lead to the discovery of admissible evidence relevant to Just Mortgage's defenses in this case. Just Mortgage must be given a fair chance to defend this lawsuit and, as explained above, Citi cannot ignore the implied covenant of good faith and fair dealing in its contract with Just Mortgage.

### A. Citi should be Compelled to Fully Answer Just Mortgage's Interrogatories (Ex. A – Reissued Interrog. 4).

This Interrogatory asks Citi to state exact provisions of the parties' Agreement which it alleges JMI breached. Citi did not state specific language and quoted language from the Agreement which refers to each obligation which Citi contends JMI breached. (**Ex. A – Interrog 4**). The parties' Correspondent Agreement Form 200 explicitly incorporates the Citimortgage, Inc. Correspondent Manual ("CMI Manual") as part of the agreement which provides: "CMI and Correspondent agree that the CMI Manual is incorporated by reference herein and is part of this Agreement." (Agreement, p. 1. Sec. 1). In refusing to identify specific language from the CMI Manual, CMI states that the alleged breach is limited to JMI's failure to

3

repurchase loans pursuant to Section 11 of the Agreement.  However, this is an unjustified, overly narrow view of what is requested in Interrogatory No. 4.  It is incontrovertible that before CMI can even issue a repurchase demand, it must exercise discretion in good faith to determine whether any loan was originated in violation of any provision of the CMI manual.  It is impossible for JMI to evaluate whether CMI made this determination in good faith unless CMI identifies the specific language from the CMI Manual that it considered and determined that JMI allegedly violated to use as a reason to make each repurchase demand.  JMI should be allowed to discover what specific language CMI considered was breached, and is critical to analyzing how CMI interprets the language and exercises its discretion under Section 11.  The court has already issued a discovery order which clearly allows this type of discovery:

> "[D]efendant has broad permission to seek information concerning plaintiff's exercise of discretion as it relates to the Loans at issue, including plaintiff's determination that defendant did not comply with the terms of the Agreement, the particular policies guiding that determination." (See Court's Order, Document 92, p. 6).

Citi only responded by citing to Section 1 and 11 of the Agreement and citing language from Section 11.  Citi also generally states that JMI had to fully comply with the CMI Correspondent Manual which is expressly incorporated into the Agreement.

Citi's response does not fully address this Interrogatory.  The Interrogatory asks for exact provisions and quoted language from the Agreement which Citi contends that JMI breached.  While Citi does partially respond by citing exact provisions from Section 11 of the Agreement, Citi does not cite any other exact provisions of the Agreement.  Instead, Citi states that "Defendant was required to fully comply with the CMI Correspondent Manual which is expressly incorporated by reference into the Agreement."

4

Only Citi can identify what language from the Agreement (including CMI Manuals, amendments, and bulletins) refers to their belief that a reason justifying a repurchase demand exists.  Just Mortgage must evaluate the specific language Citi looked to determine whether Citi interpreted that language in good faith.  Citi's responses are evasive at best and should be amended.

### B. Citi should be Compelled to Produce Documents Related to Just Mortgage's Reissued Request for Production Set One (Ex. B– RFP 36)

This request asks for documents related to Citi's policies for servicing loans which are applicable to Group 1 Loans. Citi responds that servicing of loans is not an issue that pertains to Group 1 loans but that it has produced the applicable Correspondents' Manual and Bulletins. (**Ex. B – RFP 36**)  Poor servicing of loans could exacerbate the damages claimed by Citi and, thus, the requested documents are relevant to Citi's mitigation of damages.  As damages are at issue in this case we believe the documents are necessary in order for Just Mortgage to calculate damages allegedly suffered by Citi.  Citi's response is evasive and Citi should be compelled to produce responses.

### C. Citi should be Compelled to Produce Documents Related to Just Mortgage's Requests for Production Set One and Reissued Requests for Production Set One and Two (Ex. B, C, D, E – RFP Set 1 #s 7 & 17; RFP Set 2 #s 63 & 86, RFP Set 3, #20).

Citi's corporate representative testified that Citi's repurchase department has access to a "Sharepoint" internal website that includes policy and procedure documents governing responding to repurchase demands from third-parties and issuing and dealing with repurchase demands to loan originators.  The Court has already held that the particular policies guiding CMI's determination that JMI did not comply with the terms of the Agreement are discoverable

5

and these documents will certainly fall within this description. (See Court's Order, Document 92, p. 6)

The Sharepoint documents are responsive to the following: Defendant's Reissued First Set of Requests for Production, Request No. 7, which asks for documents regarding materials Citi provided to its employees, brokers, agents, or independent contractors regarding soliciting, processing, purchasing, originating, underwriting or selling the Group 1 loans (**Ex. B – RFP 7**); Defendant's First Set of Requests for Production, Request No. 17 asks for all documents that refer or relate to Citi's due diligence, risk analysis, underwriting, or other review (**Ex. C – RFP 17**); Defendant's Reissued Second Set of Requests for Production, Request No. 63 asks for all documents regarding Citi's internal investigations (**Ex. D – RFP 63**), and Request No. 86 asks for all measures taken by Citi to inspect each loan document (**Ex. D – RFP 86**). At minimum, the Sharepoint documents are responsive to Defendant's Third Set of Requests for Production of Documents, Request 20, which requests "All documents regarding CMI's policies and procedures that govern repurchase demands made pursuant to Section 11 of the Correspondent Agreement Form 200." **(Ex. E – RFP 20).**

Citi responded to each of these that it has or will produce the documents. However, we have not received any documents related to the "Sharepoint" internal website. During a recent meet and confer discussion on November 29, CMI's counsel agreed to ask CMI whether it would be willing to produce the Sharepoint documents as they relate to policy and procedure documents governing responding to repurchase demands from third-parties and issuing and dealing with repurchase demands to loan originators. However, there was no agreement during the meet and confer process that any documents actually would be produced and thus this motion is necessary to preserve JMI's ability to obtain the requested Sharepoint documents.

6

Citi's has failed to produce documents related to the "Sharepoint" internal website even though these documents are responsive to the above requests.  To the extent CMI refuses to provide these documents after having been asked by its counsel, CMI should be compelled to produce such documents.

WHEREFORE, Defendant Just Mortgage, Inc. respectfully requests that the Court grant this Motion to Compel, issue sanctions against Citi for failing to respond, and for such other and further relief as the Court deems just and proper.

YEROUSHALMI & ASSOCIATES


By:/s/ Peter T. Sato_____
Reuben Yeroushalmi, CA #193981
reuben@yeroushalmi.com
Peter T. Sato, CA# 238486
Yeroushalmi & Associates
9100 Wilshire Blvd., Suite 610E
Beverly Hills, CA 90212
Telephone:  310-623-1926
Facsimile:  310-623-1930

Jason A. Flower, #118327
jason.flower@huschblackwell.com
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
Saint Louis, MO 63105
Phone:  (314) 480-1769
Fax:  (314) 480-1505

*Counsel for Defendant Just Mortgage, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of November 2011, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Louis F. Bonacorsi
lfbonacorsi@bryancave.com
Veronica A. Gioia
vagioia@bryancave.com
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO  63102
Phone:  314.259.2000

                                                /s/ Peter T. Sato